**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**SAUL VEGA,**

        **Plaintiff,**

**v.**                                **CIVIL ACTION NO. 3:23-CV-208**
                                                **(GROH)**

**JOSEPH CANESTRARO,**
**BRYAN GAUS,**
**ERIC GORDON,**
**RHONDA L. WADE, and**
**MARSHALL COUNTY COMMISSIONER,**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

       The Plaintiff, an inmate at Huttonsville Correctional Center filed this civil rights action pursuant to 42 U.S.C. § 1983, on September 25, 2023, alleging that his civil rights were violated by the former and current elected Prosecuting Attorneys and other employees of the Marshall County Prosecutor's office, and by a Marshall County Commissioner during the prosecution of the Plaintiff in Marshall County Circuit Court criminal case number 19-F-80. ECF[1] No. 1.

       The matter is now before the undersigned United States Magistrate Judge for a Proposed Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned recommends that the complaint be dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:23-CV-208 unless otherwise noted.

## II.    FACTUAL AND PROCEDURAL HISTORY

According to the West Virginia Division of Corrections (DOC) Offender Search page, the Plaintiff is currently incarcerated at Huttonsville Correctional center as a result of his convictions for two counts of sexual assault in the third degree, two counts of sexual abuse in the third degree, and two counts of soliciting a minor via computer. https://apps.wv.gov/ois/offendersearch/doc; ECF Nos. 25-1, 25-8. DOC records show that the Plaintiff was sentenced on July 20, 2020, has a parole hearing scheduled for December 28, 2027, and a projected release date of June 27, 2038. Id.

### A.    Allegations in and Proceedings Related to the Complaint

The Plaintiff filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983, which consisted of the ten-page Court-approved form [ECF No. 1], 7 handwritten attached pages [ECF No. 1-1 at 1–7], and 117 pages of attachments [ECF No. 1-1 at 8–124].

The complaint form alleges five violations of the Plaintiff's constitutional rights. Specifically, the Plaintiff contends: (1) Defendant Bryan Gaus's ("Gaus") grand jury testimony violated the Plaintiff's right to a unbiased grand jury [ECF No. 1 at 7]; (2) Gaus violated the Plaintiff's Fifth Amendment right against self-incrimination when Gaus testified to the grand jury about a letter the Plaintiff wrote to his wife [Id. at 8]; (3) Gaus violated the Plaintiff's marital confidence privilege through presentation of a letter the Plaintiff wrote to his wife and sent through the mail [Id.]; (4) Gaus withheld exculpatory evidence regarding the identity of a person referred to during his grand jury testimony; and (5) Gaus violated the Plaintiff's Fourteenth Amendment Due Process rights at the

2

grand jury proceeding [Id.].

The Plaintiff asserts that he was injured because of the actions of all of the Defendants, he "never had a fair grand jury," he lost his job and home, his "name is ruin[ed]," and he was sentenced to nineteen years in prison. Id. at 9. As relief, the Plaintiff asks that "charges [be] pressed on him." Id. Further, the Plaintiff contends that "he needs to be investigated," and seeks twenty million dollars in damages. Id.

In the pages attached to the complaint form, the Plaintiff further contends that: (6)² Gaus "knowingly gave false testimony to the grand jury so Marshall County can have venue" [ECF No. 1-1 at 1]; (7) Eric Gordon ("Gordon") violated the Plaintiff's Due Process rights, and Gordon's responsibilities as a prosecutor by pursuing four indictments for which venue was not established [Id. at 3]; (8) Rhonda L. Wade ("Wade") violated the Plaintiff's state and federal Due Process rights based on her status as the elected prosecutor who was responsible for the actions of her subordinates who pursued criminal cases which lacked venue [Id.]; (9) the County Commissioner of Marshall County ("County Commissioner") as the employer to the other named Defendants is responsible for the actions of subordinates [Id. at 4]; (10) Wade abused her power by making misstatements of fact at the grand jury proceeding [Id. at 4 – 6]; (11) Joseph Canestraro ("Canestraro") "con[ned]" him into waiving his preliminary hearing in exchange for early discovery, which he claimed he did not receive until after indictment [Id. at 6]; (12) Canestraro made misrepresentations in the State's response to the Plaintiff's motion for a Bill of Particulars [Id.]; (13) Canestraro violated a

---

² The Plaintiff indicates that the first claim on his attached pages is Claim 5, but he previously asserted five claims in his complaint form. Accordingly, the undersigned renumbers this as Claim 6. The following claims are consecutively numbered by the Court in the order in which they appear.

discovery order [Id. at 7]; (14) Canestraro violated the Plaintiff's right against Cruel and Unusual Punishment "when [his] plea was illegal" [Id.]; and (15) Canestraro violated the Plaintiff's right to a fair trial through statements to the press related to the Plaintiff's guilt [Id.]. Attached are 116 pages of exhibits consisting of pleadings from the Marshall County, West Virginia felony case 19-F-80. ECF No. 1-1 at 8–124.

On November 6, 2023, the Plaintiff paid the initial partial filing fee. ECF No. 9. The Court issued an Order to Answer or File Other Responsive Pleading on November 7, 2023. ECF No. 10. Summonses were issued for all the Defendants, and were returned as executed for Defendants Canestraro, County Commissioner, Gaus, and Gordon, all of whom were served on November 20, 2023. ECF Nos. 16, 17, 18, 19. The summons issued for Defendant Wade was returned as unexecuted on January 8, 2024. ECF No. 37.

**B.    The County Defendants' Motion to Dismiss**

On December 11, 2023, Defendants Canestraro, Gordon, Wade, and Marshall County Commissioner ("the County Defendants") filed a motion to dismiss [ECF No. 27], and a memorandum[3] and exhibits in support thereof [ECF Nos. 25, 25-1 through 25-8.[4] Therein, the County Defendants argue that the Plaintiff's fourteen constitutional claims are without merit because: (1) Gaus's grand jury testimony is not actionable pursuant to the holding of Rehberg v. Paulk, 566 U.S. 356, 369 (2012), which held that "grand jury witnesses, including police officers and other law enforcement officials, are absolutely

---

[3] The docket shows that this pleading was filed as a "Motion to Dismiss by Marshall County Commissioner," however a review of the pleading shows that it is instead titled, "Defendants Joseph Canestraro, Eric Gordon, Rhonda Wade, and Marshall County Commissioner's Memorandum in Support of Their Motion to Dismiss." ECF No. 25.

[4] The docket for these filings characterizes them as being filed only on behalf of Marshall County Commissioner, however a review of the documents shows they are filed on behalf of four of the named Defendants, Joseph Canestraro, Eric Gordon, Rhonda Wade, and Marshall County Commissioner.

immune from § 1983 claims based on their testimony," and there is no respondeat superior liability for any unconstitutional conduct of their subordinates [ECF No. 25 at 4–5]; (2) Gaus's grand jury testimony is not actionable because his testimony that the Plaintiff's wife turned over to the police a letter sent to her by the Plaintiff is subject to the same holding of <u>Rehberg</u>, and is also not attributable to his superiors [<u>Id.</u> at 5]; (3) Gaus's grand jury testimony did not violate the Plaintiff's marital confidence privilege because Defendants are all immune from this claim, and "even if they were not, Plaintiff has pled facts which make a [Fifth Amendment] claim for violating spousal privilege impossible." [<u>Id.</u> at 5–6]; (4) Gaus's grand jury testimony is immune from liability for Gaus and his superiors, and does not meet the pleading requirements for a due process claim under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) [<u>Id.</u> at 6–8]; (5) the Plaintiff's fifth claim, that Gaus violated his Fourteenth Amendment rights, does not state any facts to support a claim, but when read *in pari materia* with the rest of the complaint, the claim still does not specify how Gaus violated his rights [<u>Id.</u> at 8]; (6) that Gordon and his superiors are entitled to prosecutorial immunity as to the Plaintiff's sixth claim related to lack of venue [<u>Id.</u> at 8–9]; (7) Wade, as the former elected prosecutor, is absolutely immune from suit, and is also immune from respondeat superior liability as to the actions of any subordinates [<u>Id.</u> at 9–10]; (8) there is no respondeat superior liability in § 1983 cases, thus any Marshall County Commissioner is immune from suit [<u>Id.</u> at 10]; (9) Wade has prosecutorial immunity from suit for Plaintiff's ninth claim, and the alleged "testimonial discrepancy" is irrelevant to any Constitutional claim [<u>Id.</u> at 10–11]; (10) Canestraro has prosecutorial immunity from suit for his acts at the Plaintiff's preliminary hearing, and Canestraro's supervisors are immune because there is no respondeat superior liability in

a § 1983 claim [Id. at 11–12]; (11) Canestraro is protected from § 1983 liability by prosecutorial immunity from the Plaintiff's claim that Canestraro committed a "fraud on the Court" [Id. at 12]; (12) Canestraro is protected by prosecutorial immunity from the Plaintiff's claim of a discovery violation, and the lack of respondent superior liability prevent the Plaintiff from relief under § 1983 [Id. at 12–13]; (13) Canestraro is protected by prosecutorial immunity from the Plaintiff's thirteenth claim of "cruel and unusual punishment," where the Plaintiff entered a plea which would have resulted in an indeterminate sentence, which was then withdrawn, and where the Plaintiff was later found guilty by a jury of all counts in the indictment [Id. at 13–14]; and (14) qualified immunity protects Canestraro from liability for any statements made to the press, however, invocation of that immunity is unnecessary because a newspaper article headline made incorrectly statements about the Plaintiff's case [Id. at 14–15].

Further, the County Defendants argue that they are entitled to qualified immunity from the Plaintiff's claims, and that he fails to "identify any facts or factual situations which describe a violation of any 'clearly established statutory or constitutional right.'" Id. at 15–16. Finally, the County Defendants argue that the Plaintiff has failed to properly serve Gordon, the unidentified "Marshall County Commissioner," and Wade. Id. at 16–17.

Attached to the County Defendants' motion to dismiss are exhibits from the Plaintiff's[5] Marshall County conviction, including: (1) July 8, 2022, sentencing order [ECF No. 25-1]; (2) September 30, 2021, "Motion to Set Aside Plea and Plea Agreement Due to Illegal Sentence" [ECF No. 25-2]; (3) July 15, 2020 "Plea Agreement," and letter

---

[5] Throughout the state court records, the civil plaintiff herein is referred to as the criminal defendant. The undersigned uses the identifier "Plaintiff" to identify Mr. Vega, regardless of whether he was referred to as a criminal defendant in the record cited.

addressed to Judge Cramer [ECF No. 25-3]; (4) Case Docket Entries for the Plaintiff's criminal case in Marshall County case number 19-F-80 [ECF No. 25-4]; (5) August 28, 2019, protective order [ECF No. 25-5]; (6) November 5, 2021, order granting the Plaintiff's Motion to Set Aside the Plea and Plea Agreement, and January 3, 2022, letter from the Plaintiff to the Clerk of Court [ECF No. 25-6]; (7) the Plaintiff's Motion for a New Trial [ECF No. 25-7]; and (8) April 4, 2022, order of conviction by jury [ECF No. 25-8].

### C.    Defendant Gaus's Motion to Dismiss

Defendant Gaus filed a separate motion to dismiss and memorandum in support thereof on December 11, 2023. ECF Nos. 26, 26-1. Therein, Gaus relies upon the arguments asserted by the County Defendants, and further argues that the complaint should be dismissed on grounds of implausibility of pleading, lack of merit, immunity for his official acts, failure to sue him in his individual capacity, impermissible joining of respondeat superior claims under § 1983. ECF No. 26-1 at 2–3.

### D.    Plaintiff's Response to Defendants' Motions

Following the December 20, 2023, issuance of a Roseboro notice [ECF No. 30], the Plaintiff filed a consolidated response to the motions to dismiss on February 1, 2024. ECF No. 39. The Plaintiff reasserts many of the factual claims he asserted in his complaint. In response to the Defendants' legal arguments, the Plaintiff contends: (1) that the U.S. Marshal is responsible for any failure to serve the Defendants [Id. at 1 – 2]; (2) the Defendants cannot claim absolute immunity [Id. at 2]; (3) that he did not waive the martial confidence privilege[6], and thus Gordon and Wade should be liable for the use of

---

[6] West Virginia Code 57-3-4 provides:

Neither husband nor wife shall, without the consent of the other, be examined in any case as to any confidential communication made by one to the other while married, nor shall either be

such information [Id. at 2 – 3]; (4) that Gaus does not possess immunity as an investigator [Id. at 3]; (5) that Gaus was untruthful in his testimony related to the victim, related to whether he met the victim at her home, or whether she met him near her home [Id. at 4]; (6) that Gaus misrepresented that the crime occurred in Marshall County, which denied the Court of jurisdiction [Id. at 5–7]; (7) that Canestraro knowingly violated the law, and thus is not entitled to qualified immunity [Id. at 8]; (8) that the prosecution team used "fruit of the poisonous tree"[7] evidence from the preliminary hearing to obtain information to indict him [Id. at 9–10]; (9) the Defendants knowingly violated the law when they delayed providing discovery to the Plaintiff more than thirty days after his waiver of his preliminary hearing [Id. at 11]; and (10) that Canestraro's action in speaking to a reporter was an administrative act which negates prosecutorial immunity [Id. at 13].

Attached to the Plaintiff's memorandum are 103 pages of exhibits which the Plaintiff identified as "Additional Memorandum of Law," but which consists of: (1) the docket for Marshall County Civil Action number 23-C-23, a habeas case [ECF No. 39-1 at 2]; (2) transcript excerpts [Id. at 3–75]; (3) a civil complaint filed in Marshall County Circuit Court by Gaus against Canestraro for wrongful termination [Id. at 76–83]; (4) three typewritten documents with handwritten labels "#1," "#2," and "#3" [Id. at 84–86];

---

permitted, without such consent, to reveal in testimony after the marriage relation ceases any such communication made while the marriage existed.

[7] The Supreme Court has recognized that, "[t]he exclusionary rule encompasses both the 'primary evidence obtained as a direct result of an illegal search or seizure' and . . . 'evidence later discovered and found to be derivative of an illegality,' the so-called 'fruit of the poisonous tree.'" Utah v. Strieff, 579 U.S. 232, 237, 136 S. Ct. 2056, 2061, 195 L. Ed. 2d 400 (2016). The Fourth Circuit has also held that, "[d]erivative evidence, or 'fruit of the poisonous tree' is evidence that 'has been come at by exploitation of [an] illegality ... instead [of] means sufficiently distinguishable to be purged of the primary taint.'" United States v. Lentz, 524 F.3d 501, 522 (4th Cir. 2008) (quoting Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)).

(5) Plaintiff's habeas corpus filings in Marshall County Circuit Court case number 23-C-23 [Id. at 87–103].

### E.    Defendants' Replies In Support of Motions to Dismiss

On February 8, 2024, the Defendants Canestraro, Gordon, Wade, and Marshall County Commissioner filed a "Reply to Plaintiff's Response to their Motion to Dismiss," and argued that the Plaintiff's response "does not substantively address the Motion [to Dismiss' and fundamentally misinterprets Defendants' arguments, and accordingly mischaracterizes those arguments as 'lies.'" ECF No. 41 at 1. Further, the County Defendants argue that: (1) the Plaintiff still has not personally served Wade, Gordon, or "Marshall County Commissioner" [Id. at 2]; (2) "to the extent that Plaintiff intended, somehow, to alleged a 'slander' claim, West Virginia law specifically grants absolute immunity from defamation claims based on trial testimony" [Id. at 3]; (3) the Plaintiff's claim of a violation of marital confidence privilege is without merit because that statutory privilege states "that a spouse cannot 'reveal in testimony' any communication made during the marriage," and further, that prosecutorial immunity would still protect the Defendants from § 1983 liability [Id.]; (4) dismissal of the Plaintiff's indictment is not an available remedy under § 1983 [Id. at 4]; (5) the Plaintiff's fraud complaints remain without merit, and prosecutors retain their immunity for conduct related to a prosecution [Id. at 4–5]; (6) Plaintiff's claims related to an alleged discovery violation are not supported by State law, but even if State law supported the Plaintiff, prosecutorial immunity applies [Id. at 5–6]; (7) Canestraro's statements to the media do not support a § 1983 claim [Id. at 6–7]; (8) the remainder of the Plaintiff's arguments—including "the interaction of 'contract law' and qualified immunity, indictments being the 'fruits of the

poisonous tree' because of another unidentified fraud"—appear to be without merit and "seem to conflate a myriad of legal theories into a stream of consciousness which is difficult to parse" [Id. at 7]. Finally, the County Defendants contend pursuant to United States v. Mechanik, 475 U.S. 66, 70 (1986) that any misrepresentation or other technical offenses during the grand jury proceedings are "rendered moot by the fact that Plaintiff was ultimately convicted by the petit jury." Id. at 7 – 8. Attached thereto is a copy of the "State's Supplemental Disclosure" filed in Marshall County Circuit Court Felony Case number 19-F-80. ECF No. 41-1.

Defendant Gaus filed a separate reply on February 12, 2024. ECF No. 43. Gaus relies substantially on the arguments made by the County Defendants, and additionally asks that the complaint against him be dismissed "on the grounds of implausibility of pleading, lack of merit, immunity for his official acts, failure to sue him in his official capacity, impermissible joining of respondeat superior claims under § 1983." Id. at 2.

### F.    Other Pleadings

On March 8, 2024, the Plaintiff's filed a motion seeking summary judgment because Defendant "Ms. Wade has yet to reply at all."[8] ECF No. 48.

On March 28, 2024, the Plaintiff filed a motion styled "Motion to Dismiss Defendant's Claim due to the Order Dated March 11, 2024 and to Dismiss Plaintiff's Summary Judgment on the Grounds of Mail Fraud." ECF No. 53. Therein, the Plaintiff states that his claims against Wade, Gordon, and Marshall County Commissioner,

---

[8] The Court notes that a summons issued for Ms. Wade was returned as unexecuted on January 8, 2024. ECF No. 37. Notwithstanding the Plaintiff's failure to serve Ms. Wade, a motion to dismiss was filed by counsel on her behalf on December 11, 2023. ECF Nos. 25, 27. The docket shows that this pleading was filed as a "Motion to Dismiss by Marshall County Commissioner," however a review of the pleading shows that it is instead titled, "Defendants Joseph Canestraro, Eric Gordon, Rhonda Wade, and Marshall County Commissioner's Motion to Dismiss." ECF No. 27.

should be dismissed. Id. at 2. As relief, he asks that the Court permit him to withdraw his motion for summary judgment and appears to request that the Court find that the Defendants waived any defense of failure to perfect service. Id.

## III.    LEGAL STANDARD

### A.    Pro Se Litigant

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[9] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

[9] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

### B.    Failure to State a Claim

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, 404 U.S. at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do...." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." <u>Id.</u> at 555, 570. In <u>Twombly</u>, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." <u>Id.</u> at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

   **C.    § 1983 Claims**

   The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

<u>Wyatt v. Cole</u>, 504 U.S. 158, 161 (1992) (citing <u>Carey v. Piphus</u>, 435 U.S. 247, 254–257 (1978). In <u>Gomez v. Toledo</u>, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

<u>Gomez</u>, 446 U.S. at 640.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Id.</u> "A *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others." <u>Ziglar v. Abassi</u>, 137 S.Ct. 1843, 1860 (2017).

In <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994), the Fourth Circuit:

> set forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

(Internal citations omitted). The Court further explained that "[t]o satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." <u>Shaw</u>, <u>supra</u>, <u>citing</u> <u>Slakan v. Porter</u>, 737 F.2d 368 (4th Cir. 1984).

"A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses"; however, a plaintiff claiming deliberate indifference "assumes a heavy burden of proof." <u>Shaw</u>, 13 F.3d at 799. "Causation is established when the plaintiff demonstrates an "affirmative causal

link" between the supervisor's inaction and the harm suffered by the plaintiff." Id.

   **D.   Motions to Dismiss**

   Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

   Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal

authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### IV. ANALYSIS

#### A. Canestraro, Gordon, and Wade are Entitled to Absolute Immunity

To the extent that the County Defendants' motion to dismiss was filed on behalf of Gordon and Wade without either of those individuals having been served, any defense based on lack of service appears to have been waived. Nonetheless, the

16

Plaintiff has failed to state a claim against: (1) Canestraro, the current elected prosecutor; (2) Gordon, an assistant prosecutor; or (3) Wade, the former elected prosecutor.

The Supreme Court has long held that prosecutors are "fully protected by absolute immunity when performing the traditional functions of an advocate." Kalina v. Fletcher, 522 U.S. 118, 131 (1997). Prosecutors also enjoy immunity for functions that are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachman, 424 U.S. 409, 430 (1976).[10] To determine whether particular activities are protected, courts focus on the "nature of the function performed, not the identity of the actor who performed it." Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). "[T]he immunity that the law grants prosecutors is 'absolute,'" however, that immunity does not extend to non-prosecutorial functions such as administrative tasks. Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009); see also Nero v. Mosby, 890 F.3d 106, 117 (4th Cir. 2018), cert. denied 139 S.Ct. 490 (2018) ("absolute immunity safeguards the process, not the person, it extends only to actions 'intimately associated with the judicial phase of the criminal process.'"

The Fourth Circuit stated in Nero, "[a] prosecutor acts as an advocate when she professional evaluates evidence assembled by the police, decides to seek an arrest warrant, prepares and files charging documents, participates in a probable cause

---

[10] Justice Powell's introduction to his opinion succinctly summarizes the issue in Imbler, which is also present here:

> The question presented in this case is whether a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is amendable to suit under 42 U.S.C. § 1983 for alleged deprivations of the defendant's constitutional rights. The Court of Appeals for the Ninth Circuit held that he is not. We affirm.

Imbler v. Pachtman, 424 U.S. at 410 (Internal citations omitted).

hearing, and presents evidence at trial." Nero v. Mosby, 890 F.3d 106, 118, internal citations omitted, citing Buckley Kalina, Burns, and Imbler.

Further, "[e]ven a prosecutor [ ] will be entitled only to qualified immunity, rather than absolute immunity, if she is performing a function that is not tied to the judicial phase of the process." Annappareddy v. Pascale, 996 F.3d 120, 139 (4th Cir. 2021) (quoting *Buckley*, 509 U.S. at 273). See also Springmen v. Williams, 122 F.3d 211, 212 (4th Cir. 1997) ("qualified immunity lies unless there has been a clear violation of well established constitutional law.")

The Plaintiff asserts five claims against Canestraro, one claim against Gordon, and two claims against Wade, none of which merit relief under § 1983. All of Plaintiff's claims against Canestraro, Gordon, and Wade are alleged to have taken place during the prosecution of the Plaintiff. Accordingly, those actions were taken while Canestraro was performing the traditional functions of an advocate, or in functions associated with the judicial phase of the criminal process. The Claims against Canestraro are: (1) as alleged in Claim 11, that he "conned" the Plaintiff into waiving his preliminary hearing in exchange for early discovery; (2) as alleged in claim 12, that he made misrepresentations in the State's response to the Plaintiff's motion for a Bill of Particulars; (3) as alleged in Claim 13, that he violated a discovery order; (4) as alleged in claim 14, that he violated the Plaintiff's rights against cruel and unusual punishment through an "illegal" plea; and (5) as alleged in claim 15, that he violated the Plaintiff's rights because of statement he made to the press. All of these functions are performed in the judicial phase of the criminal proceedings. Accordingly, all of the Plaintiff's claims are subject to absolute prosecutorial immunity and the Plaintiff fails to state a claim

upon which relief may be granted as to Canestraro.

The Plaintiff's sole claim against Gordon as set forth in Claim 7, is that he violated the Plaintiff's due process rights by pursuing in Marshall County an indictment against the Plaintiff without proper venue in that jurisdiction. As with the Plaintiff's claim against Canestraro, his claim against Gordon is directly related to Gordon's functions performed in the judicial phase of the criminal proceedings. Therefore, Gordon is entitled to absolute prosecutorial immunity, and the Plaintiff fails to state a claim upon which relief may be granted as to Gordon.

As to the Plaintiff's two claims against Wade, the Plaintiff again fails to state a claim upon which relief may be granted. Plaintiff contends in claim 10 that Wade abused her power by making misstatements of fact at the grand jury proceeding. However, again, such an action is entitled to absolute prosecutorial immunity because any such action was performed in the judicial phase of the criminal proceedings.

The Plaintiff's contention that Wade was an elected prosecutor responsible for the actions of her subordinates, as asserted in claim 8,  also fails to state a claim upon which relief may be granted. Again, Wade is entitled to absolute prosecutorial immunity for her own actions. Moreover, relief in civil rights action under the theory of respondeat superior liability is not recognized.

Vicarious liability under the theory of respondeat superior is inapplicable to § 1983 actions. Section 1983 claims are brought against individual state actors for their own acts. Ashcroft v. Iqbal, supra, 556 U.S. at 676. However, the Plaintiff has failed to articulate any violation of his Constitutional rights by Wade. Accordingly, the Court finds that in addition to her absolute immunity as a prosecutor, Wade is entitled to qualified

immunity against the Plaintiff's claims that Wade should be liable as the supervisor of subordinates whom he claims violated his rights.

When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1133 (4th Cir. 1982) (abrogated on other grounds by County of Riverside v. McLaughlin, 500 U.S. 44 (1991)). The Plaintiff's claim fails as his broad assertions do not identify what official policy or custom were carried out by Wade's subordinates, and for which she was responsible.

Further, the Plaintiff fails to meet the elements necessary to establish supervisory liability pursuant to Shaw v. Stroud. The Plaintiff fails to show that Wade had actual or constructive knowledge of any subordinates' conduct, that Wade's response to that knowledge was so inadequate that it demonstrated deliberate indifference to the alleged offensive practices, or any affirmative causal link between Wade's alleged inaction and the harm allegedly suffered by Plaintiff.

## B.   Claims Against Defendant Marshall County Commissioner

To the extent that the County Defendants' motion to dismiss was filed on behalf of a Marshall County Commissioner without an individual being identified or served with process, the Court will not address the failure to perfect service. Nonetheless, in Claim 9, the Plaintiff has failed to state a claim against any Marshall County Commissioner. Again, regardless of whether the Plaintiff specified the identity of any Marshall County Commissioner, any such individual cannot be held liable for the actions of any subordinate employee, because the doctrine of respondeat superior

does not apply in § 1983 cases. As cited in Section III.C. above, § 1983 claims are brought against individual state actors for their own acts.

When a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. The Plaintiff does not allege that any employees of the Marshall County Commission acted pursuant to an official policy or custom for which the Marshall County Commission was responsible. Accordingly, the Plaintiff's claim 9, against an unnamed Marshall County Commissioner, fails to state a claim upon which relief may be granted.

### C.    Claims Against Defendant Gaus

Even liberally construing the Plaintiff's complaint, he fails to state a claim upon which relief can be granted as to Gaus. The Plaintiff asserts in Claims 1 through 6, that Gaus violated his civil rights through Gaus's testimony at the grand jury proceedings. However, the Supreme Court has held that, "a trial witness has absolute immunity with respect to *any* claim based on the witness' testimony." Rehberg v. Paulk, 566 U.S. 356, 367, 132 S. Ct. 1497, 1505, 182 L. Ed. 2d 593 (2012) (citing Briscoe v. LaHue, 460 U.S. 325, 333, 103 S. Ct. 1108, 1115, 75 L. Ed. 2d 96 (1983)). Further, in Rehberg, the Court held that, "we conclude that grand jury witnesses should enjoy the same immunity as witnesses at trial. This means that a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." 566 U.S. at 369. The testimony of Gaus, and any other witness, before either the grand jury, or the trial jury, are afforded absolute immunity for their testimony. Accordingly, the Plaintiff's claims that Gaus should be held liable under § 1983 based on his testimony before the grand jury as set

forth in Claims 1 through 6 are without merit and should be dismissed with prejudice.

In summary, all of the actions of the Defendants are immune from suit based on the theories of prosecutorial immunity, immunity of grand jury witnesses, and inapplicability of respondeat superior liability. Accordingly, the Plaintiff's complaint should be dismissed with prejudice at to all Defendants.

## V.    RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Plaintiff's civil rights complaint under 42 U.S.C. § 1983 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE** because Petitioner failed to state a claim upon which relief may be granted.

It is **RECOMMENDED** that the Defendants' motions to dismiss [ECF Nos. 25, 26, 27] be **GRANTED**.

It is further RECOMMENDED that the Plaintiff's motion [ECF No. 53] to withdraw his Motion for Summary Judgment be granted. To the extent that the Plaintiff's motion [ECF No. 53] seeks other relief, it is **RECOMMENDED that the Court TERMINATE** the Plaintiff's motion as **MOOT**. Finally, it is **RECOMMENDED** that upon the Plaintiff's motion that the Court **TERMINATE as MOOT** the Plaintiff's Motion [ECF No. 48] for Summary Judgment.

The Plaintiff shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge.

Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:       May 29, 2024

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE